United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-60816
Conference Calendar

---

CORWIN T. HILL,

                                        Plaintiff-Appellant,

versus

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS, in his official and individual capacities;
LAWRENCE KELLY, Superintendent, in official and individual
capacities; FRED O'BANNER, Lieutenant, in his official and
individual capacities; LEONARD VINCENT, Staff Attorney, in
his official and individual capacities; HOWARD WILLIAMS,
Lieutenant, in his official and individual capacities;
"UNKNOWN" MAXWELL, Captain, in his official and individual
capacities; LILLIAN BURKS, Officer, in her official and
individual capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-116
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

       Corwin T. Hill, Mississippi prisoner # R3634, has filed a
motion for leave to proceed in forma pauperis (IFP) on appeal.
The district court denied Hill's IFP motion and certified that
the appeal was not taken in good faith.  By moving for IFP, Hill

---

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Hill wears his hair in dreadlocks for religious reasons, and the defendants enforced a prison regulation that required inmates to keep their hair short for hygienic and prison security reasons. Although inmates retain their First Amendment right to exercise religion, the right is subject to "reasonable restrictions and limitations necessitated by penological goals." Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995). Hill has not presented a nonfrivolous issue on appeal concerning the denial of his right to the free exercise of religion. To the extent that Hill argues that the outcome of the disciplinary hearing was wrong because his hair complied with the prison regulation, he has not alleged an issue of constitutional dimension. See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994).

Hill has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Hill's request for IFP status is denied, and his appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of Hill's 42 U.S.C. § 1983 suit by the district court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87

(5th Cir. 1996).  Hill has a prior strike.  <u>Hill v. Epps</u>, No. 4:04CV286-P-D (N.D. Miss. Nov. 3, 2004).  Because Hill has accumulated at least three strikes under § 1915(g), he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.